UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUTOMATED SYSTEMS OF TACOMA LLC, | CASE NO. C24-01028JLR |
| Plaintiff, | ORDER |
| v. | |
| STERIS CORPORATION, | |
| Defendant. | |

Before the court is Plaintiff Automated Systems of Tacoma LLC's ("Automated Systems") second Federal Rule of Civil Procedure 12(f) motion to strike Defendant Steris Corporation's ("Steris") affirmative defenses.  (2d MTS (Dkt. # 54); Reply (Dkt. # 56); *see* Am. Answer (Dkt. # 52).)  Steris opposes Automated Systems's motion.  (Resp. (Dkt. # 55).)  The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Automated Systems's motion.

ORDER - 1

Steris answered Automated Systems's second amended complaint on February 3, 2026, and asserted affirmative defenses and a counterclaim.  (Answer (Dkt. # 47).) Rather than answer the counterclaim, Automated Systems moved on February 24, 2026, to strike Steris's affirmative defenses of failure to state a claim, fair use, "not likely to cause mistake, confusion, or deception[,]" priority, fraud, and failure to mitigate damages.  (1st MTS (Dkt. # 51).)  Ten days later, Steris filed its amended answer, affirmative defenses, and counterclaim.  (*See* Am. Answer.)  Because Steris amended its answer fewer than 21 days after Automated Systems filed its Rule 12(f) motion, the court struck Automated Systems's first motion to strike without prejudice to renewing its motion based on Steris's amended answer.  (3/9/26 Order (Dkt. # 53) (citing Fed. R. Civ. P. 15(a)(1)(B)).)

Automated Systems now moves to strike Steris's affirmative defenses of waiver and acquiescence.  (*See generally* 2d MTS.)  Steris argues that the court should deny Automated Systems's second motion to strike because (1) its pleading provides Automated Systems fair notice of its waiver and acquiescence affirmative defenses and (2) the motion is untimely.  (See *generally* Resp.)  The court agrees on both grounds.

The court addresses the question of timeliness first.  Federal Rule of Civil Procedure 15(a)(3) provides that, "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3); *see also* Fed. R. Civ. P. 12(f)(2) (stating the court may act on a motion to strike that is "made by a party either before responding to the pleading,

ORDER - 2

or, if a response is not allowed, within 21 days after being served with the pleading").

Here, Steris filed its amended answer, affirmative defenses, and counterclaim on March 6, 2026, but Automated Systems did not answer or respond to the amended pleading until 21 days thereafter. (*See generally* Dkt.) The court has reviewed Automated Systems's arguments regarding the timeliness of its motion and does not find them persuasive. (*See* Reply at 5-7.) Accordingly, the court denies Automated Systems's second motion to strike as untimely.

Even if the motion were timely, the court would deny it on the merits. Under Rule 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *White v. Univ. of Washington*, No. C22-1798TL, 2023 WL 3582395, at *2 (W.D. Wash. May 22, 2023) (citation omitted). Nevertheless, "where [a] motion [to strike] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) (citation omitted).

ORDER - 3

An affirmative defense is insufficiently pleaded under Rule 12(f) if it fails to provide the plaintiff "fair notice" of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam). Fair notice "only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (citation omitted). "Detailed factual allegations are not required—simply '[p]leading enough factual content to identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice' of the affirmative defenses to Plaintiff and the Court." *White*, 2023 WL 3582395, at *7 (quoting *Rosen v. Masterpiece Mktg. Grp., LLC,* 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016)).

Here, Steris pleads that:

> [Automated Systems] is entitled to no relief under the doctrines of acquiescence, waiver and/or equitable estoppel. [Steris] has used the acronym AST in connection with its sterilization services since at least as early as 2011. [Automated Systems] alleges that it has offered goods and services under its AST service marks since approximately 1966 in Washington. [Automated Systems] was or should have been aware of Steris's use of the acronym AST during this allegedly overlapping period. [Automated Systems's] inaction during that period implied that [Automated Systems] would not challenge [Steris's] use.

(Am. Answer at 12.) The court concludes that Steris's pleading provides the court and Automated Systems fair notice of its waiver and acquiescence affirmative defenses.

//

//

//

//

//

ORDER - 4

Therefore, the court DENIES Automated Systems's second motion to strike Steris's affirmative defenses (Dkt. # 54).

Dated this 20th day of April, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 5